The Attorney General is in receipt of your request for an Attorney General's Opinion in which you ask the following questions: "1. May a charter city, by provision in its charter, specify a procedure for the exercise of the initiative and referendum in regard to amendment of the charter, which provisions are more restrictive than those contained in the constitution and statutes of the state? "2. If an initiative proposition submitted to the voters provides for the revocation of the charter and adoption of a statutory form of government, would approval by the voters be effective to change the form of government to that specified in the proposition ? "3. If the answer to question number two is no, upon revocation of the charter, what would be the form of government of the city?" The powers of initiative and referendum are reserved to the people of every municipal corporation by the provisions of Article XVIII, Section 4 et seq., of the Oklahoma Constitution and concomitant enabling legislation contained in 11 O.S. 15-101 [11-15-101] et seq. (1978). Article XVIII, Section 4 of the Oklahoma Constitution reads as follows: 4. (a) Reservation of powers. — "The powers of the initiative and referendum, reserved by this Constitution to the people of the State and the respective counties and districts therein, are hereby reserved to the people of every municipal corporation now existing or which shall hereafter be created within this State, with reference to all legislative authority which it may exercise, and amendments to charters for its own government in accordance with the provisions of this Constitution." The procedures for initiative and referendum in municipalities are provided for at 11 O.S. 15-102 [11-15-102] et seq. (1978). The provisions of 11 O.S. 15-102 [11-15-102] are important to your first question and read as follows: 11 O.S. 15-102 [11-15-102]. Procedure for initiative and referendum in municipalities. — "The procedure in municipalities which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers shall be governed by the Oklahoma Constitution and general state law, except as otherwise provided in 11 O.S. 15-101 [11-15-101] through 11 O.S. 15-110 [11-15-110] of this title. The duties required of the Governor by state law shall be performed by the mayor; the duties of the Secretary of State shall be performed by the municipal clerk; and the duties of the Attorney General shall be performed by the attorney for the municipality. The procedure for initiative and referendum as to municipal legislation shall be as nearly as practicable the same as those for measures relating to the people of the state at large." (Emphasis added) Title 11 O.S. 13-105 [11-13-105] (1978) further limits the extent a municipal chapter may differ in establishing procedures for initiative and referendum and reads as follows: 11 O.S. 13-105 [11-13-105]. Preparation of charter. — "The board of freeholders shall prepare a charter for the municipality within ninety (90) days after their election. The charter shall be consistent with and subject to the Oklahoma Constitution and shall not be in conflict with the Constitution and laws relating to the exercise of initiative and referendum. The proposed charter shall be signed in duplicate by at least a majority of the freeholders. One copy of the proposed charter shall be given to the mayor and the other shall be given to the county clerk of the county in which the situs of the municipality is located." By the provisions of the Oklahoma Constitution and Statutes, it is determined that the citizens of every municipality have the right to amend or cancel their charter through the power of initiative and referendum. To be lawful a home rule charter may not conflict with the Constitution of the State and may prevail over enactments of the Legislature only when the provision involved relates to a matter of strict municipal concern. See Article XVII, Section 3(a), Oklahoma Constitution; City of Tulsa v. Johnson, 145 P.2d 198
(Okla. 1943); Ramsey v. Leeper, 31 P.2d 852 (Okla. 1934). A city government may not invoke the provisions of a charter which substantively modifies procedure to the extent that it restricts or limits the right of the populous to exercise its power of initiative and referendum. Your second question asks if the initiative proposition may also provide for the adoption of a statutory form of government along with revocation of the charter then in effect. As noted herein, Section 13-105 codifies the supremacy of the Constitution and statutes of the State of Oklahoma in the exercise of initiative and referendum by the citizens of a municipality. See Ramsey v. Leeper, supra. Title 11 O.S. 13-111 [11-13-111] and 11 O.S. 13-112 [11-13-112] (1978), in clear and unambiguous language provide that any initiative petition which seeks to revoke or abolish a charter shall include the proposed statutory form of municipal government to be adopted when the charter is revoked. A portion of 11 O.S. 13-112 [11-13-112] further sets forth the specific question for submission to the registered voters of the municipality with the following language: 11 O.S. 13-112 [11-13-112]. Revocation or abolishment of charter — Adopting statutory form — Procedure. — "A proposal to revoke or abolish the charter of a municipality shall be made in the same manner provided for charter amendments and shall include the proposed statutory form of municipal government to be adopted when the charter is revoked, unless the proposal includes the adoption of a new charter in lieu of the existing charter. The question to be submitted to the registered voters of the municipality shall be substantially in the following form: Shall the (City or Town) of __________ revoke the charter under which it is now operating, and adopt and be governed under the statutory (name of proposed statutory form) form of municipal government as provided by the laws of Oklahoma: () Yes. () No. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: A municipality may not restrict or limit the right of its citizens to exercise the power of initiative and referendum by the provisions of a charter which establish more restrictive procedures than those contained in the Constitution and Statutes of the State. All initiative petitions which call for the abolishment of the charter of a municipality must also provide for the adoption of a new charter as called for in Title 11 O.S. 13-112 [11-13-112] (1978). In light of the above opinion, the third question you have submitted is rendered moot. (JOHNNY J. AKINS) (ksg)